```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

QUAUNTEL SAUNDERS,

        Plaintiff,

v.                                       Civil Action No. 2:21-cv-00261

SRG. WILSON, CPL. LILLY,
CO VAUGH, CO CROCKER,
CO PONITER, RICHARD BESS,
CPL. BENNET, SRG. LEGG,
SRG. PETE, CO II PETERSON,
CPL. MOLES, CAPT. TONEY,
CAPT. CLIFFORD, LT. WILSON,
CO DEMPSEY, CPL. HENDRIX,
CO TRE McDOWELL, CO PATOWSKI,
WARDEN AMES, ASS. FRAME,
COMMISSIONER BETSY JIVIDEN, and
CO McARTHUR,

        Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's complaint (ECF No. 2), filed April 22, 2021, a supplemental complaint (ECF No. 7), filed May 14, 2021, and two Applications to Proceed Without Prepayment of Fees or Costs (ECF Nos. 1, 11), filed April 22, 2021, and August 4, 2022.  As defendant has proceeded <u>pro se</u>, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of Proposed Findings and Recommendations ("PF&R").  Judge Tinsley entered his PF&R (ECF

No. 19) on June 24, 2024, to which plaintiff filed an objection (ECF No. 22), received on July 17, 2024.  Although the objection was received late, the court will consider it as the plaintiff, who is incarcerated, dated it July 7, 2024, one day before the July 8 deadline.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been made.  See Thomas v. Arn, 474 U.S. 140 (1985).  Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court.  See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989).

Upon objection to the PF&R, the court reviews de novo only "those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  "De novo review is not required or necessary when a party makes general or conclusory

2

objections that do not direct the court to a specific error in the magistrate judge's [PF&R]." Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (citing Opriano, 687 F.2d at 47). "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not give any explanation for adopting the [PF&R]." United States v. Hernandez-Aguilar, 359 F. Supp. 3d 331, 334 (E.D.N.C. 2019).

Judge Tinsley, in the PF&R, recommends dismissal of many of plaintiff's claims, but finds that the complaint does state some plausible First Amendment retaliation claims. See PF&R at 36. He also recommends that plaintiff's requests for declaratory and injunctive relief be declared moot because those claims related to treatment at Mount Olive Correctional Center, where plaintiff is no longer in custody, and that plaintiff's remaining assertion of claims for damages against defendants in their official capacities be dismissed for failure to state a claim upon which relief can be granted, as the Eleventh Amendment bars private claims against state officials. Id. at 34-36. Because there are no objections to any of these recommendations, the court adopts the PF&R's findings as to these issues.

Judge Tinsley recommends dismissing the rest of plaintiff's claims, explaining that some are precluded under the doctrine of res judicata and the rest fail to state a claim upon which relief can be granted.  See PF&R at 11, 15.  Plaintiff objects to the application of res judicata and dismissal for failure to state a claim, though the objections are broad, general statements that reiterate the claims and do not point to specific errors made by the magistrate judge.  See Obj. at 1–2.

As to the application of res judicata, plaintiff appears to argue that he did not raise the harassment and retaliation claim in the previous preclusive action(s) because he did not know that such claims were available to him when he filed those actions.[1]  Id.  Plaintiff also asserts that "all of those [cases] that [were] dismissed is open back & are in process now."  Id.  The failure to identify potential legal claims does not preclude the application of res judicata or allow a plaintiff a "do-over" to bring those claims later.  Further, the cases in which plaintiff had previously asserted claims arising from the same facts and events at issue here – Saunders v. Jividen, No. 2:21-cv-00250; Saunders v. Frame, No. 2:21-cv-00157, and Saunders v. Clifford, No. 2:21-cv-00299 –

---

[1] The objection says: "I didn't fail to bring these claims because I couldn't say for sure if my rights were violated at the time."  Id. at 1–2.

have not been reopened, as plaintiff claims.  Plaintiff has provided no objection to Judge Tinsley's application of the doctrine of <u>res judicata</u> based on those prior dismissed cases filed by plaintiff – he merely gives an excuse for failing to raise those issues, which is insufficient – and the court finds no error.  Accordingly, the court adopts the PF&R's conclusions as to these issues.

As to the determination that the rest of the claims fail to state a claim upon which relief can be granted, plaintiff again fails to raise specific objections to the analysis performed in the PF&R.  Judge Tinsley notes that aside from the allegations that are precluded by <u>res judicata</u>, no specific factual allegations are raised against defendants Jividen, Ames, Frame, Clifford, Hendrix, Wilson, Pete, or Moles.  PF&R at 15.  Plaintiff objects, says that he gave those defendants "fair notice by filing Grievance & Request telling them if they don't stop I will be filing a civil suit against them," and reasserting that his rights were violated by all named defendants.  Obj. at 2.  Filing a grievance and telling a person that a suit will be filed against them fails to satisfy the notice requirements that were properly detailed in the PF&R.  Plaintiff's vague assertion that those defendants should have known a case was being filed against them is insufficient, as is plaintiff's broad statement that the allegations are to be taken

5

as true and all defendants named violated his First Amendment rights.  See Obj. at 2.  Accordingly, the court adopts the PF&R's recommendation that the above-named defendants be dismissed.

Similarly, plaintiff fails to raise specific objections to Judge Tinsley's recommendation that the First Amendment retaliation claims – aside from those claims, noted above, with which Judge Tinsley is continuing – be dismissed for failure to state a claim.  See PF&R at 19–33.  The events described by plaintiff are broadly categorized as (1) loss of personal property, (2) issues with food trays, and (3) cell searches and other related alleged retaliatory conduct.  Id. Judge Tinsley concludes that none of these allegations state a claim upon which relief can be granted, largely because they contain blanket assertions that plaintiff's rights were violated and he was retaliated against, without giving specific factual allegations that could plausibly show a causal connection between plaintiff's protected First Amendment activity and the alleged retaliatory acts.  See id. at 20.  In these instances, plaintiff either does not attribute alleged retaliatory conduct to a specific defendant or does not allege that the defendant was aware of the plaintiff's protected First Amendment activity (thus failing to allege a plausible causal connection necessary for a retaliation claim), or, for the issue with food trays,

that the alleged retaliatory event does not rise to the level of retaliation under established case law.  See id. at 21–30.

As to the food tray issue, plaintiff says his grievance-filing was specifically mentioned during those two incidents; but that does not change the outcome because, as Judge Tinsley noted, under precedential case law the food tray issues as described by plaintiff are too minor to rise to the level of First Amendment retaliatory conduct.  See Obj. at 3; PF&R at 22–23.  Plaintiff does not challenge the case law or provide other cases which support his position.  Similarly, on the loss of personal property and cell search claims, plaintiff says broadly that the action was done in retaliation for his filing of grievances and civil actions and that the defendants who participated in the alleged conduct knew about his protected First Amendment activities because they had been named in the grievances or mentioned his grievance-filing when they were allegedly retaliating against him.  Obj. at 3–4.  To the extent plaintiff attempts to add new evidence that his protected activity was the stated cause for the cell searches and other allegedly retaliatory acts, Plaintiff's complaint must stand as it was written; he is not entitled to add new evidence to support his complaint at this stage.  Plaintiff does not argue that Judge Tinsley overlooked allegations in the complaint that would support finding a causal connection between the alleged

retaliatory conduct and plaintiff's filing of grievances and civil cases. Thus, the court adopts the PF&R's conclusions as to these issues.

Accordingly, it is ORDERED that:

1. The findings made in the magistrate judge's Proposed Findings and Recommendations be, and hereby are, ADOPTED by the court and incorporated herein;

2. Plaintiff's claims, except those asserted against defendants Lilly, Vaughn, McArthur, Bennet, Petter (or Pete), and Petterson (or Peterson) contained in paragraphs 6, 26-31, and 45 of the complaint stating First Amendment retaliation claims, be, and hereby are, DISMISSED; and

3. This matter is referred to the magistrate judge for further proceedings.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: September 24, 2024

John T. Copenhaver, Jr.
Senior United States District Judge