```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**QUANTEL SAUNDERS,**

      Plaintiff,

v.                                  Civil Action No. 2:21-cv-00261

**CPL. LILLY, CO VAUGHN,**
**CPL. BENNET, SRG. PETE,**
**CO II PETERSON, and**
**CO MCARTHUR,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are plaintiff's Complaint (ECF No. 2), filed April 22, 2021, plaintiff's Supplemental Complaint (ECF No. 7), filed May 14, 2021, and Motion to Dismiss (ECF No. 43), filed December 23, 2024, by defendants CO McArthur and Srg. Petter (or Pete). As plaintiff has proceeded pro se, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of Proposed Findings and Recommendations ("PF&R"). Judge Tinsley entered his PF&R (ECF No. 49) on May 6, 2025, to which objections were due by May 23, 2025. No objections have been filed.

Plaintiff's complaint alleges retaliation against him for his utilization of the courts and internal prison grievance

procedures, in violation of the First Amendment. See ECF No. 2; see also ECF No. 7. With respect to defendant CO McArthur, plaintiff alleges McArthur threatened to write plaintiff up in the event plaintiff filed a grievance against him. ECF No. 2 at 7. With respect to defendant Srg. Petter (or Pete), plaintiff alleges Petter "searched and destroyed" plaintiff's prison cell on three occasions. Id. at 13.

In his PF&R, Judge Tinsley found plaintiff's allegations against the two defendants lacking in that the respective actions would not "deter a person of ordinary firmness from engaging in protected First Amendment conduct," ECF No. 49 at 11, as required by the "adverse action" element of plaintiff's retaliation claims. Thus, Judge Tinsley concluded that the factual allegations contained in the Complaint (ECF No. 2) and Supplemental Complaint (ECF No. 7) failed to state plausible retaliation claims with respect to defendants McArthur and Petter (or Pete). Id. Judge Tinsley recommended granting defendants' Motion to Dismiss. Id.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been addressed. See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations <u>to which objection is made</u>.") (emphasis added). Failure to timely file objections constitutes a waiver of <u>de novo</u> review and the plaintiff's right to appeal the order of the court. <u>See</u> 28 U.S.C. § 636(b)(1); <u>see also</u> <u>United States v. De Leon-Ramirez</u>, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as [28 U.S.C.] § 636(b) doesn't require <u>de novo</u> review absent objection"); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989). Objections in this case having been due on May 23, 2025, and none having been filed, and the court finding no clear error, this matter may be duly adjudicated.

Accordingly, it is ORDERED that:

1. The findings made in the magistrate judge's Proposed Findings and Recommendations be, and hereby are, ADOPTED by the court and incorporated herein;

2. The Motion to Dismiss (ECF No. 43) filed by CO McArthur and Srg. Petter (or Pete) is GRANTED and defendants CO McArthur and Srg. Petter (or Pete) are DISMISSED from this civil action; and

3. This matter is referred to the magistrate judge for further proceedings.

3

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: May 29, 2025

_____
John T. Copenhaver, Jr.
Senior United States District Judge